**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No.96-20878
(Summary Calender)
_____


CARROLL H. WILKINSON,

                              Plaintiff-Appellant,


                    versus


STAR ENTERPRISES,

                              Defendant-Appellee.

_____

Appeal From the United States District Court
for the Southern District of Texas
(No. 96-1284)
_____

February 14, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     This is an appeal from the district court's grant of summary
judgment in favor of Defendant-Appellee Star Enterprises ("Star").
Plaintiff-Appellant Carroll Wilkinson asserts that the district
court's grant of summary judgment was improper because the court
abused its discretion in denying her motion for extension of

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

discovery deadlines.  She contends that an extension was required so that she could conduct necessary discovery to respond to the motion for the summary judgment, noting that the court sua sponte ordered Star to file that motion.  For the reasons set forth below, we vacate the district court's summary judgment and remand the case with instructions to the court to grant Wilkinson a reasonable time to complete discovery necessary to respond to Star's motion for summary judgment.

I

The limited summary judgment facts and scant procedural history of this case are not in dispute.  As we perceive the time line on which this case proceeded to be significant, we recite the dates of each procedural step in the process.

Wilkinson is a black female accounting clerk who has been employed continuously by Star or its parent, Texaco, Inc., since 1973.[1]  On April 4, 1996, following her receipt of a right-to-sue letter from the Equal Employment Opportunity Commission, Wilkinson filed suit in the United States District Court for the Southern District of Texas, alleging that she suffered employment discrimination on account of her race, in violation of Title VII of the Civil Rights Act of 1964.[2]  Specifically, she alleged that she

---

[1] Star is a New York general partnership between Texaco Refining and Marketing (East), Inc., a Texaco subsidiary, and Saudi Refining, Inc.

[2] 42 U.S.C. § 2000e et seq.

was (1) involuntarily reassigned and excluded from job advancements on the basis of her race and (2) denied terms and conditions of employment equal to those of white co-employees who were performing essentially the same duties as she but were given higher pay grades.

On May 23, 1996, Star filed its answer and served interrogatories and document requests on Wilkinson, to which she promptly responded. On July 17, 1996, pursuant to the district court's standing order, the parties submitted their Report of Meeting and Joint Discovery and Case Management Plan, in which they agreed on the deadlines for completing various stages of discovery and other case management issues. Also, pursuant to amicable agreement, Wilkinson's deposition was noticed and subsequently completed on July 23, 1993. One day earlier, on July 22nd, Star furnished to Wilkinson its written disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

On July 29, 1996, both parties appeared before United States District Judge Lynn N. Hughes for their court ordered initial pre-trial and scheduling conference. At this conference, Judge Hughes ordered that a second pre-trial conference take place one week later, on August 5, 1996, and ordered Star to produce documents, prior to the second pre-trial conference, concerning the employment duties of Wilkinson's co-workers. On August 3, 1996, two days before the second pre-trial conference, Defendant Star delivered to Wilkinson the documents containing information regarding her co-

3

workers.

At the second pre-trial conference, on August 5, 1997, the court ordered Star to file a motion for summary judgment by August 9, 1996, "[i]f Defendant did not hear from Plaintiff by noon, August 8th."[3]  The Court also ordered Wilkinson to file her response to the summary judgment motion one week thereafter, i.e., by August 16, 1996, a total of eleven days after the second pre-trial conference.

Star complied with the court order and filed its motion for summary judgment on August 9th.  Wilkinson complied by filing her response on August 15th, a day early.  In addition to her response, Wilkinson filed a Motion for Extension of Time to Conduct Discovery, in which she asserted that she had not had sufficient time to depose the co-workers identified by Star in its Rule 26 disclosures furnished on July 22nd and regarding whom the court had ordered Star to supply additional information on August 3rd.

Star responded to Wilkinson's extension motion, contending that (1) the individuals identified in Star's initial Rule 26 disclosures are supervisors of the two groups within the Controller's Department involved in this case whose identities Wilkinson had known since prior to the filing of her suit, (2) Wilkinson had also known the identities of the co-workers to whom

---

[3]  There is no indication in the record or the briefs as to what Star was expected to hear from Wilkinson about by noon on August 8th.

4

her job responsibilities were transferred since August 1996 when she trained them, and (3) Wilkinson had had adequate time to depose all of these individuals and, moreover, had originally indicated an interest in deposing a Star corporate representative prior to the initial pre-trial conference but that Wilkinson's counsel had changed his mind.

On August 29, 1996, <u>without ruling on or addressing in any way Wilkinson's Motion for an Extension of Time to Conduct Discovery</u>, the district court, in a six sentence opinion, granted Star's motion for summary judgment.  It concluded that Wilkinson could not show that she suffered an adverse employment action, one of the essential elements to a claim of racial discrimination under Title VII.

Wilkinson filed a timely Notice of Appeal.  In challenging the grant of summary judgment, Wilkinson argues that the court's <u>sub</u> <u>silentio</u> denial of her Motion for Extension of Time to Conduct Discovery deprived her of adequate time to conduct discovery necessary to respond to Star's motion for summary judgment.

II

As both parties acknowledge, we review a district court's decision to preclude further discovery prior to granting summary judgment for an abuse of discretion.[4]  In determining whether the

---

[4] <u>Krim v. BancTexas Group, Inc.</u>, 989 F.2d 1435, 1441 (5th Cir. 1993); <u>Solo Serve Corp. v. Westowne Assoc.</u>, 929 F.2d 160, 167 (5th Cir. 1991).

district court abused its discretion in this circumstance, we must also scrutinize the propriety of the motion for an extension of time to conduct discovery filed by the party responding to the motion for summary judgment.  Implicit in this standard of review, however, is the requirement that the district court in fact exercise its discretion.[5]  Here there is nothing in the record to reflect an exercise of discretion.

We have previously held that such a request for additional discovery should be denied under the following circumstances only: (1) The record shows that the requested discovery is unlikely to produce the facts needed to withstand the motion for summary judgment; (2) the record shows that the denial is necessary to protect the defendant from harassment and "fishing expeditions;" or (3) the discovery is dilatorily, which can be determined by examining eight specific factors.[6]  Absent anything on point from the district court, we are left to inferences from the scant summary judgment record in this case for purposes of applying this test.

Wilkinson's motion for extension of time is not facially

---

[5]  Cf. Faircloth v. Lamb-Grays Harbor Co., Inc., 467 F.2d 685, 697 (5th Cir. 1972) (observing that district court's exercise of discretion on motion for new trial is "not ordinarily reviewable on appeal, though a failure to exercise discretion, or an abuse of it, may be corrected")(quoting Marsh v. Illinois Central Railroad Co., 175 F.2d 498, 500 (5th Cir. 1949).

[6]  Mills v. Damson Oil Corp., 931 F.2d 346, 350-51 (5th Cir. 1991) (citing Paul Kadair v. Sony Corp. of America, 694 f.2d 1017, 1030-31 (5th Cir. 1983)).

improper or dilatorily sought, especially in light of the sudden, unusually rapid acceleration of the discovery and pleading deadlines imposed by the court —— apparently with little or no prior warning —— at its August 5 pre-trial conference. Furthermore, there is no indication that denial of the motion is necessary to protect the defendant from harassment or a fishing expedition. To the contrary, it appears that counsel for both parties were proceeding with discovery in an amicable, professional, and timely manner.

Finally, there is no way, given the limited scope of the record at the time of summary judgment, for this court to determine whether the requested discovery was likely to produce any additional facts needed to withstand the motion for summary judgment. But by far the most important factor requiring us to vacate the summary judgment in this case is the total absence of any explanation on the part of the district court of its reasons for denying —— more accurately, for ignoring —— Wilkinson's Motion for Extension of Time to Conduct Discovery.

Although a district court is, as we indicated above, entitled to exercise reasonable discretion in managing discovery, when a district court provides absolutely no explanation for its purely implicit denial of what facially appears to be a reasonable request for additional discovery time, we must assume that the district court either failed to exercise its discretion or abused it. This is particularly so when, as here, there is no indication that discovery was proceeding other than at a normal and reasonable

pace.

Given the total failure of the district court to address or explain its implicit denial of the motion of Plaintiff to extend the time for completing discovery, that court has left us no choice but to vacate its grant of summary judgment and final judgment in favor of Star, and to remand this case with instructions to the district court to grant Wilkinson reasonable time within which to conduct further discovery as required to respond to Star's court-ordered motion for summary judgment.

VACATED and REMANDED WITH INSTRUCTIONS